# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHNNY DWAYNE LEE #1336182** | § | |
| | § | |
| **V.** | § | **A-18-CA-829-LY** |
| | § | |
| **LORIE DAVIS and DAVID GUTIERREZ** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court are Plaintiff's complaint, Defendant Davis's Motion to Dismiss, Defendant Gutierrez's Motion to Dismiss, Plaintiff's response, and Plaintiff's Motion to File an Amended Complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Middleton Unit of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"). Plaintiff is serving a 20-year sentence for burglary of a habitation committed on May 31, 2005.

Plaintiff alleges he was required to comply with Condition X, a sex-offender condition, when he was released on parole on March 28, 2017. Plaintiff further alleges he was required to register as a sex offender even though he does not have a "registerable offense on [his] record." As a result, Plaintiff asserts a violation of due process.

Plaintiff sues Lorie Davis, Director of the TDCJ-CID, and David Gutierrez, Chairman of the Board of Pardons and Paroles. Plaintiff requests that he not be forced to register or adhere to Condition X while on parole. In addition, he seeks $250,000 for defamation of character, mental and emotional abuse, stress in having to register, attend classes, and take polygraphs and being on the sex offender caseload.

After consideration of Plaintiff's complaint, Defendants were ordered to answer. Defendants Davis and Gutierrez move to dismiss Plaintiff's complaint. Both defendants argue Plaintiff's claims brought against them in their official capacities are barred by Eleventh Amendment immunity. Defendant Gutierrez additionally argues he is protected by absolute immunity. Defendants also argue Plaintiff has not alleged they were personally involved in setting Plaintiff's conditions on parole. Finally, Defendants assert Plaintiff cannot state a claim for violation of due process, because he was previously convicted of indecency with a child.

In response Plaintiff admits he was convicted of indecency with a child by exposure in 1992. According to Plaintiff, the trial court sentenced him to eight years in prison and he was required to register as a sex offender for ten years. He believes his registration requirement expired in 2011. Plaintiff also believes Condition X should not have been imposed as a condition of his parole without first being given a hearing. Plaintiff also admits his parole was revoked and he currently has pending a federal application for habeas corpus relief. Despite the revocation, Plaintiff requests the Court to proceed with his claims, because he is subject to being released on parole in the future.

Plaintiff moves to amend his complaint. He requests the Court to dismiss his claims against Defendants Davis and Gutierrez and add as a defendant the Texas Board of Pardons and Paroles. Although his motion is not clear, he also appears to dismiss his request for monetary relief and adds

2

a request that his parole be reinstated. Because Plaintiff is proceeding pro se and his motion is not clear, the Court addresses the claims brought against Defendants Davis and Gutierrez and the proposed claims against the Texas Board of Pardons and Paroles.

## DISCUSSION AND ANALYSIS

A.  Legal Standards

Leave to amend a complaint should be granted "unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." Jebaco, Inc. v. Harrah's Operating Co., Inc., 587 F.3d 314, 322 (5th Cir. 2009) (citations omitted).

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction. The party asserting jurisdiction bears the burden of proof of demonstrating jurisdiction. Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009). A complaint should be dismissed for lack of subject-matter jurisdiction when "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Id. In determining whether it has jurisdiction, the court may consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. Id. at 649–50.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152–53 (5th Cir. 2010). While we must hold all well-pleaded facts as true, this "tenet ... is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

3

B.  Eleventh Amendment Immunity

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. Moore v. La. Bd. of Elementary and Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014). The Texas Board of Pardons and Paroles is immune under the Eleventh Amendment from Plaintiff's suit. See Talib v. Gulley, 138 F.3d 211, 213 (5th Cir. 1998); Littles v. Bd. of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). As such, amending his complaint to add the Texas Board of Pardons and Paroles as a defendant would be futile.

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

C.  Absolute Immunity

Defendant Gutierrez is protected from Plaintiff's claims brought against him in his individual capacity for monetary damages by the doctrine of absolute immunity. See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

D. <u>Personal Involvement</u>

Plaintiff does not allege Defendant Davis was personally involved in the setting of his parole conditions. Davis is the Director of the TDCJ-CID. The Texas Board of Pardons and Paroles is a separate entity vested with the power and duty to determine the conditions of parole.

Section 1983 provides a cause of action against any person who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To make a sufficient claim, a plaintiff "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." <u>Moore v. Willis Indep. Sch. Dist.</u>, 233 F.3d 871, 874 (5th Cir. 2000). The plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." <u>Anderson v. Pasadena Indep. Sch. Dist.</u>, 184 F.3d 439, 443 (5th Cir. 1999).

E. <u>Sex Offender Treatment and Registration</u>

Plaintiff may be arguing, when he is next released on parole, he should not be required to attend sex-offender treatment without first being afforded a hearing or be required to register as a sex offender. At this time, it is not certain whether Plaintiff will be released on parole or what conditions will be imposed if Plaintiff is released on parole. In light of the "temporally distant and speculative nature of [Plaintiff's] claim," he has failed to establish an "immediate injury" that would be redressed by the relief that he seeks. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

Moreover, as a convicted sex offender, Plaintiff is not entitled to a hearing before the imposition of sex-offender conditions or treatment. *See Jennings v. Owens*, 602 F.3d 652 (5th Cir.

5

2010) (holding parolee previously convicted of sex offense subject to labeling as sex offender without additional process being afforded).

In addition, Article 62.051 of the Texas Code of Criminal Procedure requires a person who has a reportable conviction or adjudication to register as a sex offender. A reportable conviction or adjudication includes a conviction for indecency with a child, TEX. CODE CRIM. PROC. Art. 62.001(5)(A). Whether the duty to register has expired is an issue that will have to be determined at the time Plaintiff is released on parole.

F.  Habeas Claims

Finally, in his motion to amend Plaintiff seeks the reinstatement of parole. However, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court should not grant Plaintiff's motion to amend to add a habeas corpus claim, because Plaintiff already has pending a federal application for habeas corpus relief in the Abilene Division of the Northern District of Texas in Cause No. 1:18-CV-124. In addition, venue would not be proper in this Court. See 28 U.S.C. § 2241(d).

RECOMMENDATION

It is therefore recommended that Plaintiff's motion to amend be denied. Amending his complaint to add the Texas Board of Pardons and Paroles would be futile, because Plaintiff's proposed claims are barred by Eleventh Amendment immunity and are habeas corpus claims that must be raised in a court with proper venue after he has exhausted his state court remedies.

It is further recommended that Defendants' Motions to Dismiss be granted. Plaintiff's claims brought against Defendants Davis and Gutierrez in their official capacities for monetary damages should be dismissed without prejudice for want of jurisdiction, Plaintiff's claims brought against Defendants Davis and Gutierrez in their individual capacities for monetary damages should be dismissed with prejudice for failure to state a claim, and Plaintiff's claims seeking speculative injunctive relief should be dismissed without prejudice as premature.

It is finally recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 30th day of November, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE